## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

SHIRLEY A. REED,

        Plaintiff,

v.                                                      Case No.   3:22-cv-419-MMH-PDB

MIKE WILLIAMS, in his individual
capacity as former Sheriff of the
Consolidated City of Jacksonville,
Florida, et al.,

        Defendants.

_____

## <u>O R D E R</u>

    **THIS CAUSE** is before the Court on Defendants' *Amended* Motion to Dismiss Second Amended Complaint (Doc. 38; Motion), filed on October 5, 2023. In the Motion, Defendants move to dismiss the claims set forth in Plaintiff['s] Second Amended Complaint and Demand for Jury Trial (Doc. 34; SAC) pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure (Rule(s)).   Plaintiff Shirley A. Reed filed a response in opposition to the Motion on October 25, 2023. <u>See</u> Plaintiff Response in Opposition to Defendants Motion to Dismiss (Doc. 39; Response).   Accordingly, this matter is ripe for review.[1]

---

[1] Notably, the Court previously granted a motion to dismiss Reed's initial Complaint and Demand for Jury Trial (Doc. 1; Initial Complaint).  <u>See</u> Order (Doc. 23; 2023 Order), entered March 6, 2023.   In the 2023 Order, the Court dismissed Reed's claims for false arrest, conspiracy, and false imprisonment with prejudice, and dismissed without prejudice Reed's claims for malicious prosecution.  <u>See</u> 2023 Order at 22-23.   Given her pro se status, the

## I.      Background

On June 6, 2016, Defendant T.C. McKenzie, a detective with the Jacksonville Sheriff's Office (JSO), arrested Reed for the unauthorized practice of law in violation of section 454.23 of the Florida Statutes.   See SAC ¶¶ 12-13, 38.   McKenzie effectuated Reed's arrest pursuant to a warrant.   Id. ¶ 12.[2]   As alleged in the Second Amended Complaint, prior to obtaining the arrest warrant, McKenzie met with "PA Sissy Adams-Jones" concerning a motion filed on behalf of Adams-Jones's client, "inmate Cleus."   See SAC ¶ 9.   Specifically, McKenzie inquired about a "Motion for Ineffective Assistance of Pre-Trial Counsel" that was filed in Cleus's case.   See id.[3]   According to Reed, Adams-Jones informed McKenzie that "inmate Cleus had assigned suspect Reed as his power attorney at some point before the above-mentioned document was filed

---

Court allowed Reed to file an amended complaint.   Id.   When Defendants moved to dismiss the amended complaint, Reed sought and obtained leave to file the Second Amended Complaint, which is the operative pleading at this time.   See Order (Doc. 33).

[2] In paragraph 36 of the Second Amended Complaint, Reed alleges that "McKenzie arrested [Reed] in her home without a warrant."   Id. ¶ 36.   However, in light of Reed's other allegations, the Court understands this contention to mean simply that McKenzie did not have the warrant with him at the time of arrest.   See id. ¶¶ 12, 19.   As explained in the 2023 Order, Florida law does not require an officer to have an arrest warrant in his or her possession at the time of an arrest.   See 2023 Order at 8 n.8.

[3] Although not affirmatively alleged by Reed in the Second Amended Complaint, the Court infers from Reed's allegations that she is the individual who signed this motion. Indeed, in the Response, Reed asks the Court to take judicial notice that she "signed her name [to the motion] as Cleus power of attorney," among other things.   See Response at 3-4.   The Court need not determine whether it may take judicial notice of this additional information because regardless, considering and accepting as true these additional factual allegations does not alter the Court's decision in this case.

in his case." Id. ¶ 10.   Later that day, McKenzie met with inmate Cleus who, after seeing the subject motion, refused to speak with McKenzie.   Id. ¶ 11. The next day, McKenzie met with a state circuit court judge who issued a warrant for Reed's arrest on charges of practicing law without a license.   Id. ¶ 12.   A few days later, McKenzie, along with others, arrested Reed at her home. Id. ¶¶ 13-19.   Following her arrest, Reed had an arraignment on June 30, 2016. Id. ¶ 21.   Nearly two months later, on August 24, 2016, inmate Cleus filed an affidavit in his criminal case stating that Reed "'never introduced herself as an attorney or legal representative and never provided legal advice.'"   Id. ¶ 22.

Reed alleges that while the charges against her were pending she "had 3 mini stroke like symptoms and suffered injury to her mental state, [sic] declared incompetent and ordered into therapy."   Id. ¶ 23.   Although she does not know why, Reed asserts that she was remanded into custody on February 1, 2018, during a pre-trial court appearance.   Id. ¶ 25.   According to Reed, she suffered significant medical distress while in custody.   Id. ¶¶ 25-32.   In April of 2018, the State of Florida filed a nolle prosequi on the charges.   Id. ¶ 33.

In the Second Amended Complaint, Reed sets forth two counts challenging her arrest.   In Count One, Reed asserts a claim for malicious prosecution against McKenzie, in his individual capacity, pursuant to 42 U.S.C. § 1983.   Id. ¶¶ 34-45.   In Count Two, she raises a § 1983 claim against Defendant Mike Williams, the former Sheriff of Jacksonville, in his individual

capacity.   Id. ¶¶ 46-48.   Reed's claim against Williams appears to be premised on a theory of supervisory liability.   Id. ¶ 47.

In the instant Motion, Defendants argue that Reed's claim for malicious prosecution is due to be dismissed because Reed fails to allege sufficient facts showing that McKenzie lacked probable cause to arrest Reed.   See Motion at 4-5.   In the Response, Reed argues that Defendants' contention is "without merit" because, as alleged in the Second Amended Complaint, Adams-Jones told McKenzie that "inmate Cleus had assigned suspect Reed as his power attorney at some point before the [Motion for Ineffective Assistance] was filed in his case."   See Response at 4.   Defendants also contend that Reed's supervisory liability claim is due to be dismissed because Reed fails to allege any facts showing that Williams participated in the alleged constitutional violation or otherwise had notice of the need to act.   See Motion at 8-9.   Reed opposes this request and maintains that she has alleged sufficient facts to support her supervisory liability claim.   See Response at 7.

## II.   Motion to Dismiss Standard

In ruling on a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true.   See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508, n.1 (2002); see also Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002).   In addition, all reasonable inferences should be drawn in favor of the

plaintiff.    See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010). Nonetheless, the plaintiff must still meet some minimal pleading requirements. Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1262–63 (11th Cir. 2004) (citations omitted).   Indeed, while "[s]pecific facts are not necessary," the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"   Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."   Twombly, 550 U.S. at 570.   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."   Twombly, 550 U.S. at 555 (citations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (citations and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," which simply "are not entitled to [an] assumption of truth."   See Iqbal, 556 U.S. at 679.   Thus, in

ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. at 678 (quoting Twombly, 550 U.S. at 570). And, while "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), "'this leniency does not give the court a license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'" Alford v. Consol. Gov't of Columbus, 438 F. App'x 837, 839 (11th Cir. 2011) (quoting GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citation omitted), overruled in part on other grounds as recognized in Randall, 610 F.3d at 709).

## III.   Discussion

Upon review of the Second Amended Complaint, the Court finds that Reed once again fails to state a claim for malicious prosecution under § 1983.[4] As set forth above, Reed acknowledges that McKenzie arrested her pursuant to a warrant.  See SAC ¶ 12.  As such, to state a claim for malicious prosecution, Reed must allege facts demonstrating that this warrant was in some way

---

[4] In the 2023 Order, the Court set forth at length the elements of a § 1983 claim for malicious prosecution and will presume the reader's familiarity with this applicable law.  See 2023 Order at 9-11.

"constitutionally infirm . . . ."  See Williams v. Aguirre, 965 F.3d 1147, 1165 (11th Cir. 2020). [5]  "[Reed] can prove that [her] arrest warrant was constitutionally infirm if [she] establishes either that the officer who applied for the warrant should have known that his application failed to establish probable cause, or that an official, including an individual who did not apply for the warrant, intentionally or recklessly made misstatements or omissions necessary to support the warrant."  Id. (internal citations omitted). "Concomitantly, a police officer cannot be liable for malicious prosecution if the arrest warrant was supported by probable cause."  See Black v. Wigington, 811 F.3d 1259, 1267 (11th Cir. 2016); see also Williams, 965 F.3d at 1159 (observing that the "absence of probable cause is undoubtedly a requirement for a claim of malicious prosecution").  "'Probable cause' means 'facts and circumstances sufficient to warrant a prudent man in believing that the suspect had committed . . . an offense.'"  See Black, 811 F.3d at 1267 (alteration in original) (quoting Grider v. City of Auburn, 618 F.3d 1240, 1257 (11th Cir. 2010)).

Here, Reed's challenge to the warrant appears to be premised on a contention that McKenzie omitted a material fact from his warrant application which undermines probable cause.  Specifically, Reed contends that "Adams-

---

[5] Under the precedent set forth in Williams, Reed is also required to show that her "seizure would not otherwise be justified without legal process."  Id.  Because Reed cannot satisfy the first prong of the analysis discussed above, the Court need not reach the second.

Jones provided Detective McKenzie with information that was sufficient for him to infer he had been presented with known facts that Plaintiff had not committed a crime." See SAC ¶¶ 35, 39; see also Response at 4-5. The sole fact that Adams-Jones is alleged to have told McKenzie is that inmate Cleus had granted a power of attorney to Reed before the motion was filed. See SAC ¶ 10; see also Response at 4. Indeed, upon review of the Response, it is apparent that Reed's entire case is premised on her belief that, having first obtained a power of attorney from inmate Cleus, she was lawfully permitted to file the motion on his behalf. See Response at 4-6. Reed is mistaken.

Pursuant to section 454.23 of the Florida Statutes, "[a]ny person not licensed or otherwise authorized to practice law in this state who practices law in this state . . . commits a felony of the third degree . . . ." As this Court previously explained, "a power of attorney does not authorize a non-lawyer to prepare papers, file petitions and briefs, or generally act as a lawyer on behalf of another." See 2023 Order at 12 n.12. Thus, the mere fact that McKenzie knew inmate Cleus had granted a power of attorney to Reed does not negate his probable cause to apply for the arrest warrant.[6] Reed does not allege any facts

---

[6] In the Response, Reed also argues that McKenzie had no evidence indicating that Reed had unlawfully obtained the power of attorney from inmate Cleus. See Response at 5. However, even assuming that Reed lawfully obtained the power of attorney, this has no bearing on whether she engaged in the unauthorized practice of law. Again, as explained above, a power of attorney does not authorize Reed to act as an attorney on behalf of Cleus or anyone else. See 2023 Order at 12 n.12; see also Weber v. Garza, 570 F.2d 511, 514 (5th Cir. 1978) ("[Petitioner] may not participate in the unauthorized practice of law by preparing legal

suggesting that she was an attorney licensed to practice law in Florida or that she did not prepare and file the motion on behalf of inmate Cleus.   Accordingly, even accepting all of the factual allegations in Reed's Second Amended Complaint as true, Reed has not shown any constitutional infirmity in the warrant supporting her arrest.   As such, Reed fails to state a claim for malicious prosecution against McKenzie and the Motion is due to be granted as to the claim in Count I.

Turning next to Count II, the Court finds that Reed's claim for supervisory liability against Williams is also due to be dismissed.   Under § 1983, a supervisor can be held personally liable when "either (1) the supervisor personally participates in the alleged constitutional violation, or (2) there is a causal connection between the actions of the supervisor and the alleged

---

papers, filing petitions and briefs, and generally acting as an attorney in violation of state and federal provisions governing the unauthorized practice of law.   The powers of attorney executed by the [prisoners] do not invest her with such authority.   The [prisoners] are not entitled to have an unlicensed lay person represent them either in the district court or here."); Burks v. DeepSeafood, No. 22-00008-TFM-B, 2022 WL 21794375, at *1 (S.D. Ala. June 27, 2022) ("Even assuming [the plaintiff's] wife holds a valid power of attorney, she cannot, as a non-lawyer, act as [the plaintiff's] representative in any of the proceedings in this case." (collecting cases)).

The Court expresses no opinion on whether Reed's apparent belief that she was authorized to practice law based on the power of attorney constitutes a defense to the charges against her, although it bears noting that generally, ignorance of the law is no excuse.   See Moncrief v. State, Comm'r of Ins., 415 So. 2d 785, 788 (Fla. 1st DCA 1982) ("[T]he courts universally recognize that ignorance or mistake of law will not excuse an act in violation of the laws so long as the laws clearly and unambiguously proscribe the conduct alleged.") Regardless, McKenzie's awareness of facts suggesting a potential affirmative defense does not undermine probable cause under the totality of the circumstances presented here.   See Paez v. Mulvey, 915 F.3d 1276, 1286 (11th Cir. 2019).   McKenzie is not expected "to resolve legal questions or to weigh the viability of most affirmative defenses."   See id.

constitutional violation." <u>See</u> <u>Mann v. Taser Int'l, Inc.</u>, 588 F.3d 1291, 1308 (11th Cir. 2009). Significantly, "[t]he central tenet in both offenses is a constitutional or statutory violation . . . ." <u>Id.</u> Here, although Reed's allegations are largely conclusory, the constitutional violation underlying her supervisory liability claim appears to be the alleged unreasonable seizure she alleges in Count I. <u>See</u> SAC ¶ 47; <u>see also</u> Response at 7-8. Because Reed fails to adequately allege the existence of a constitutional violation in Count I, the related supervisory liability claim against Williams in Count II also fails. <u>See</u> <u>Mann</u>, 588 F.3d at 1308; <u>Paez v. Mulvey</u>, 915 F.3d 1276, 1291 (11th Cir. 2019) ("'[T]here can be no supervisory liability . . . if there was no underlying constitutional violation.'"). Having previously provided Reed with multiple opportunities to amend her complaint, the Court finds that dismissal with prejudice is appropriate at this time. <u>See</u> <u>Marantes v. Miami-Dade Cnty.</u>, 649 F. App'x 665, 673 (11th Cir. 2016) (explaining that the Eleventh Circuit "case law does not require a district court to give a <u>pro se</u> litigant multiple opportunities to amend").

Accordingly, it is **ORDERED**:

1. Defendants' *Amended* Motion to Dismiss Second Amended Complaint (Doc. 38) is **GRANTED**.

2. The claims raised in Plaintiff's Second Amended Complaint (Doc. 34) are **DISMISSED.**

3.  The Clerk of Court is directed to enter judgment dismissing this case, terminate all pending motions and deadlines as moot, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida this 22nd day of May, 2024.

**MARCIA MORALES HOWARD**
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Party